STATE OF VERMONT

| | |
|---|---|
| SUPERIOR COURT<br>Vermont Unit | ENVIRONMENTAL DIVISION<br>Docket No. 129-9-12 Vtec |
| Hinesburg Hannaford CU (Hrs. of Operation) | DECISION ON THE MERITS |

Martin's Foods of South Burlington (Applicant) proposes to construct a 36,000-square-foot grocery store and 128-space parking lot (the Project) on Lot 15 of the Commerce Park subdivision in Hinesburg, Vermont (the Town). The Project requires multiple state and local land use permits and decisions and is the subject of seven different appeals currently before this Court.[1] This decision relates to the Applicant's conditional use application to allow a small overnight shift to work inside the Hannaford store once, it is operational, between the hours of 10:00 p.m. and 6:00 a.m. A group of Hinesburg residents (Appellants) oppose the Project. The Town and self-represented Mr. Gill B. Coates are also parties in the matter.

Prior to trial there were several other self-represented litigants that were named parties in this appeal. These self-represented litigants failed to appear or participate at trial. It is incumbent upon a litigant to efficiently prosecute their position in litigation. See V.R.C.P. 41(b)(2) (allowing for a motion to dismiss for failure to prosecute or comply with procedural rules or orders of a court). It is within the Court's inherent powers to dismiss a party where that party fails to prosecute or otherwise put on their case. See In re Appeal of James D. Sparkman, No. 183-11-97 Vtec, slip op. at 4 (Vt. Envtl. Ct. Mar. 29, 2000) (Wright, J.). "Trials are set for the purpose of bringing a case to conclusion, not as optional events that parties may decide to be prepared for or not as they choose." Rab Performance Recoveries v. Swanson, No. S2171-09 CnSc, slip op. at 3 (Vt. Super. Ct. May 12, 2010) (Toor, J.).

During the March 16, 2015 pre-trial status conference, the Court established a deadline for parties to file dates of unavailability for a five-day trial in October, November, and December 2015. Several self-represented litigants asked questions about the process for

---

[1] Pursuant to V.R.E.C.P. 2(b), we consider all seven matters in a coordinated manner; when appropriate we issue separate or joint written decisions. This decision addresses the conditional use permit application.

setting trial and about what would happen if they were not available on the trial dates. The Court explained that it works diligently to schedule trials when parties are available; however, in matters with large numbers of parties, the Court cannot accommodate all schedules. The Court further explained that it makes reasonable accommodations when parties need to miss portions of multi-day trials. On May 13, 2015, the Court issued notice setting this matter for five days of trial on November 30 through December 4, 2015. The parties therefore had plenty of advance notice to adjust their schedules to be available to participate in trial.

Further, during the opening remarks of the first day of trial on November 30, 2015, the Court warned parties about the possibility of being dismissed from the action, stating, "[I]f a self-represented litigant or, for that matter, any litigant doesn't participate, either through themselves or through an attorney, I will be dismissing them from the matters." The following self-represented litigants did not appear or participate in any of the three days of trial and are therefore **DISMISSED**: Bill Moller, James Collins, Anita Collins, David Lyman, Barbara Lyman, John Lyman, Robert Farley, Elly Coates, Kim Coates, Vicki Matthews, Leonard Duffy, Ann Thomas, and Veronica Estey.[2]

In anticipation of trial, pre-filed testimony was submitted by Applicant and Appellants. The Town did not pre-file testimony; however, it did offer testimony and evidence during trial. The Court conducted a site visit on the morning of November 30, 2015. A merits hearing at the Environmental Division in Burlington followed the site visit and continued through December 2, 2015. At trial, Applicant was represented by Christopher D. Roy, Esq.; Appellants were represented by James A. Dumont, Esq.; the Town was represented by Ernest M. Allen, III, Esq.; and Mr. Coates was self-represented.

Based upon the evidence presented at trial, which was put into context by the site visit, the Court renders the following findings of fact and conclusions of law.

## Findings of Fact

1.     Martin's Foods of South Burlington, LLC proposes to construct a 36,000-square-foot Hannaford grocery store and pharmacy with an associated 128-space parking lot on Lot 15 of the Commerce Park subdivision in the Town of Hinesburg, Vermont (the Project).

---

[2] The Court will assign each of these dismissed individuals "FYI" status, and as such, each will receive copies of any decision or notice that the Court issues in this matter.

2.      Lot 15 is located in the commercial zoning district and is the last undeveloped lot of the Commerce Park subdivision.

3.      Once operational, the Hannaford grocery store will be open to the public between 6:00 a.m. and 10:00 p.m.

4.      There may be up to ten customer service employees who depart shortly after the store closes at 10:00 p.m.

5.      A night shift of up to ten employees will work between the hours of 10:00 p.m. and 6:00 a.m. performing various cleaning duties and restocking shelves.

6.      Up to ten customer service employees will arrive at the store shortly before the store opens at 6:00 a.m.

7.      There is no public transportation available for the night-shift employees. No deliveries to the store are proposed between the hours of 10:00 p.m. and 6:00 a.m.

8.      Applicant submitted a conditional use application on November 11, 2010 and it was deemed complete by the Town of Hinesburg Development Review Board (DRB) on November 18, 2010.

9.      The conditional use application is subject to Hinesburg Zoning Regulations as amended on October 12, 2009 (Regulations), submitted as the Town's Ex. 1b.

10.     The DRB approved the conditional use application on August 30, 2012.  Appellants appealed the conditional use approval to this Court and the matter was given Docket Number 129-9-12 Vtec (Hannaford Conditional Use Appeal).

**Conclusions of Law**

Only Appellants submitted a Statement of Questions for our review in this matter. Appellants' Statement of Questions originally contained eight questions.  In response to Applicant's motion for summary judgment, Appellants voluntarily dismissed Questions 1 and 2, as they were more appropriate for the associated Hannaford Site Plan Appeal, Docket No. 163-11-12 Vtec.[3] In our March 4, 2015 pre-trial decision, we answered Appellants' Question 6, explaining that Applicant's burden under Section 4.2.2 of the Regulations—conditional use review—was to prove no *undue* adverse impact, rather than no adverse impact.  See Hinesburg Hannaford CU Approval, Nos. 129-9-12, 163-11-12, 68-5-14, 69-5-14, and 70-5-14 Vtec, slip op.

---

[3] The Hannaford Site Plan Appeal is one of six additional pending appeals before the Court challenging municipal and state permitting decisions relating to the Project.

at 2 (Vt. Super. Ct. Envtl. Div. Mar. 4, 2015). Remaining for our review here are Appellants' Questions 3, 4, 5, 7, and 8.

Questions 3, 4, 5, and 8, however, raise the same or similar issues that were raised by Appellants' questions in the Hannaford Site Plan Appeal and Act 250 Appeal, and are beyond the scope of the narrow conditional use matter now before us.[4] The Regulations require conditional use approval for any commercial operation outside the hours of 6:00 a.m. to 10:00 p.m. See § 4.3.6 ("[n]o commercial or industrial use shall operate outside the hours of 6:00 a.m. to 10:00 p.m. without the conditional use approval of the Development Review Board."). Applicant's conditional use approval application is a request to allow up to ten stocking and cleaning personnel to conduct activities at the Hannaford store overnight, outside the normal operation hours of 6:00 a.m. to 10:00 p.m. The Hannaford grocery store is itself a permitted use in the commercial zoning district. As we explained in our September 16, 2015 decision, this conditional use review is therefore limited to the issue of whether the extended hours of operation for cleaning and restocking are permitted as a conditional use under Section 4.2.2 of the Regulations. See Hinesburg Hannaford CU Approval, Nos. 129-9-12, 163-11-12, 68-5-14, 69-5-14, 70-5-14, 73-5-14, 113-8-14, and 114-8-14 Vtec, slip op. at 12–13 (Vt. Super. Ct. Envtl. Div. Sept. 16, 2015). In other words, we will not review the entire Project under Section 4.2.2, but rather only the discrete aspect of the Project triggering conditional use review—the extended hours for the overnight shift. Therefore, we only consider whether the overnight shift of ten employees working between the hours of 10:00 p.m. and 6:00 a.m. complies with the conditional use standards set out in Section 4.2.2 of the Regulations. As a result, we do not address Appellants' Questions 3, 4, 5, and 8 as they have no bearing on the limited issue before us, and furthermore, are fully addressed in the Hannaford Site Plan Appeal decision. See Hinesburg Hannaford Site Plan Approval, No. 163-11-12 Vtec, slip op. at 12 and 20–22 (Vt. Super. Ct. Envtl. Div. April 12, 2016).

The only remaining question for our review is Appellants' Question 7, which we interpret to ask whether Applicant has satisfied the conditional use standards of Section 4.2.2. Section 4.2.2 requires that the proposed conditional use not adversely affect:

1) The capacity of existing or planned community facilities.

---

[4] Appellants' Questions 3, 4, 5, and 8 in this matter appear identical to Appellants' Questions 3, 4, 5, and 7 in the Hannaford Site Plan Appeal, Docket No. 163-11-12 Vtec.

4

2) The character of the area affected, and the essential character of the neighborhood or district in which the property is located.
3) Traffic on the roads and highways in the vicinity.
4) The Town Plan and Regulations in effect.
5) Utilization of renewable energy resources.
6) The appropriate use or development of adjacent property.
7) The public welfare in any other manner.

Regulations § 4.2. For the following reasons, we conclude that the proposed conditional use does not adversely affect any of the criteria listed in Section 4.2.2.

There was no evidence of a specific adverse impact that would result from the extended hours of operation. The limited number of employees that will work inside the building during the night hours and their travel to and from the store in personal vehicles will have a negligible impact on the character, infrastructure, and function of the Town. Due to the limited relevant evidence and argument presented in opposition to the proposed conditional use, we briefly address the impact on each of the provisions listed in Section 4.2.2.

First, we are unaware of any impact the few overnight workers and extended hours will have on the capacity of existing or planned community facilities. The Project provides for a farmers market. The additional employees and extended hours have no relation to the farmers market and will not impact the community facility in any way. Second, the character of the area will not be impacted. The activities will occur inside the building, and the small number of vehicles that employees will use to commute to the store around 10:00 p.m. and then leave around 6:00 a.m. will cause no noticeable impact. Third, the small number of vehicle trips generated from the overnight shift will have a negligible effect on traffic; especially considering that the employees will arrive and leave at times when few people are on the roads. Fourth, there was no offer, nor are we aware, of any provision in the Town Plan that restricts the proposed conditional use. Fifth, because all conditional use activities will occur inside the store, the extended hours pose no adverse impact to the use of renewable energy. Sixth, the proposed conditional use has no bearing or impact on the use of adjacent properties. Lot 15 is surrounded by commercial development, and the overnight activities will occur only on Lot 15 and inside the store. Seventh, and finally, we cannot find any negative impact to public welfare from the proposed use. If anything, the conditional use may be a source of jobs for community residents thereby improving public welfare. We therefore answer Appellants' Question 7 by concluding that the proposed conditional use satisfies the standards of Section 4.2.2.

5

## **Conclusion**

For the foregoing reasons, we conclude that Applicant's proposed conditional use complies with all relevant provisions of the Regulations, and therefore, we **APPROVE** the conditional use application.

This concludes the matter before the Court.  A Judgment Order accompanies this Merits Decision.

Electronically signed on April 12, 2016 at 09:18 AM pursuant to V.R.E.F. 7(d).

_____

Thomas G. Walsh, Judge
Superior Court, Environmental Division